## JACKSON, ex dem. MANCIUS, against LAWTON.

THIS was an action of ejectment, for part of lot No. 128. in the *Cayuga* reservation. The cause was tried at the *Cayuga* circuit, in *June*, 1812, before Mr. Justice *Spencer*. A verdict was taken for the plaintiff, subject to the opinion of the court, on the following case:

The plaintiff gave in evidence *letters patent*, dated the 28th of *October*, 1811, and recorded the 4th of *February*, 1812, in the clerk's office at *Cayuga*, to *Mancius*, the lessor, for lot No. 128. on the east side of *Cayuga* lake, including the premises in question.

The defendant offered to give in evidence a patent to *Stephen Allen* for the same lot, bearing date the 5th of *March*, 1812, which was objected to by the plaintiff's counsel, on the ground, that it was subsequent to the patent to the lessor, and that the recitals it contained, and the allegation of mistake in issuing the prior letters patent to the lessor, could not be inquired into, in this action.

The defendant offered to give parol evidence that *Allen* was in possession of lot No. 128. in *August*, 1803, and had paid to the treasurer of the state 1,430 dollars and 64 cents, in full of the principal and interest due for the said lot. This evidence was also objected to.

It appeared that the defendant was in possession, under a title derived from *Allen*.

*Van Vechten*, for the plaintiff, contended, that the letters patent to the lessor were conclusive evidence, in this action, and entitled the plaintiff to recover; that the validity of the patent could not

*Letters patent* issued to A. for a lot of land, dated 28th *October*, 1811, and, afterwards, a patent was issued for the same lot, to B. dated the 5th *March*, 1812, reciting and alleging a mistake in issuing the first patent to A. In an action of ejectment, on the demise of A., the first patentee, it was held, that the first patent was conclusive as to the title of the lessor, and the second patent was inoperative and void. Where two patents are granted for the same thing, the second patent is inoperative, until the first is set aside; And the first patent may be avoided by the second patentee, by *scire facias*, or *bill*, or *information* in the court of *chancery*,

which is the only mode of vacating letters patent, which are matter of record. If a patent has been issued by fraud or on false suggestion, unless the fraud or mistake appear on the face of the patent itself, it is not void, but voidable only, by suit for that purpose.

be tried in an action of ejectment; and that if the defendant means to contest its validity, he ought to have sued out a *scire facias* for that purpose. He cited 2 *Bl. Com.* 348. 4 *Johns. Rep.* 182. *Plowd.* 229. 3 *Bl. Com.* 260. 2 *Dyer*, 198. n. 50. 3 *Lev.* 221. *Vent.* 344.

*Hale* and *Foot*, contra, contended, that the commissioners of the land-office are a board instituted for special purposes, with special and limited powers; and that their acts are conclusive, only when pursuant to their powers. Patents issued by the commissioners of the land-office stand on different ground from patents issued by the crown, in *England*. Patents issuing directly from the king can be avoided only by *scire facias*. They cited the act of the 5th of *April*, 1802; (sess. 25. c. 112. s. 3.) the act of the 28th of *February*, 1806; (sess. 27. c. 22.) 2 *Roll. Abr.* 191. 2 *Saund.* 72. n. 4. 1 *Com. Dig.* tit. *Attorney*, 626. 5 *Com. Dig.* tit. *Patent*, 273. 3 *Johns. Rep.* 495.

KENT, Ch. J. delivered the opinion of the court. The patent granted to the lessor of the plaintiff, being the elder patent, is the highest evidence of title. As long as it remains in force, it is conclusive as against a junior patent for the same lands. If the lands passed by the first patent, the second patent is without any operation, and void. It has been the uniform practice, in our courts, in all questions of title, to look to the elder patent, and to give it effect. Nor can the court take notice of any equitable claim upon the general government, which a third person might have had in respect to the lands in question, prior to the issuing of the patent. We can only look to the title under the great seal, and so the law was declared in *Jackson* v. *Ingraham.* (4 *Johns. Rep.* 163.) The elder patent must, therefore, be impeached and set aside, before we can acknowledge any title set up under the younger patent; and the question is, whether it can be impeached by parol proof in this suit. Letters-patent are matter of record, and the general rule is, that they can only be avoided in chancery, by a writ of *scire facias* sued out on the part of the government, or by some individual prosecuting in its name. This is the settled *English* course, sanctioned by numerous precedents; and we have no statute or precedent establishing a different course. The books frequently speak of the very case of two successive patents for the same thing; and they say the

second patent is void, but they also say that the *scire facias* lies by the first patentee against the second patentee, to avoid his patent, and the precedents are that way; this produces embarrassment and difficulty in the case, as it would seem from this that the last patent was, in the first instance, to be preferred. (6 *Edw.* IV. 9. b. *Keilw.* 196. b. 4 *Inst.* 88. *Dyer,* 197. b. *Hunt* v. *Coffin, Dyer,* 198. a. *Jenk. Cent.* 126. case 56. *The King* v. *Butler,* 3 *Lev.* 220.) In the case of *Basset* v. *The Corporation of Torrington,* (*Dyer,* 276. a. pl. 52.) it was determined by the master of the rolls, with the aid of two justices, that the *scire facias* must be brought by the first patentee, and that it would *not* lie by the second patentee against the first, because, " it was contrary to the books of precedents, and the common course." But there was another reason also given for the judgment in that case, which was, that the patents were not of one and the same thing. This point is, however, by no means to be considered as settled, for in *The Duke of Norfolk's Case,* (*Year Book,* 39 *Hen.* VI. 32. b.) it was said by *Choke,* that if there be two patents of the same thing, the second grantee shall not *oust* the first grantee, without *scire facias* by the second, as the first patentee is in by matter of record; and this position was impliedly admitted in the answer given by the court. The same thing was said by Judge *Jenkins;* (*Cent.* 126.) and it was assumed as a clear point by the counsel in the elaborate argument in the case of *The King* v. *Amery.* (2 *Term Rep.* 515.) In *Daniel's Case,* (*Dyer,* 133. b.) the second patentee actually brought a *scire facias* to repeal the prior patent, and I think it would be difficult to assign a good reason why the second patentee should not have the writ. He is better entitled to the writ, because the first patent is the highest evidence of right, and stands good until it be overthrown; and the *onus* of the attack is thrown upon the younger patent.

The *English* practice of suing out a *scire facias* by the first patentee may have grown out of the rights of the prerogative, and it ceases to be applicable with us. It was anciently held, (*Bro. Trav. Offi.* pl. 52.) that if the king entered without office, or title, he who had the right could not enter upon the king, but was put to his petition.

In addition to the remedy by *scire facias* which the younger patentee has in this case, there is another by bill in the equity side of the court of chancery. Such a bill was sustained in the

case of *The Attorney-General* v. *Vernon*, (1 *Vern.* 277. 370.) to set aside letters patent obtained by fraud, and they were set aside by a decree. In *Maryland*, the practice has been long settled, to vacate patents by a decree in chancery, founded on a proceeding by bill, information, or *scire facias*; (1 *H. & M.* 23. 92. 165. 2 *H. & M.* 201. 244.) and in one of the cases it was admitted, by the chancellor, (2 *H. & M.* 141.) that as long as a grant remained unrepealed by chancery, it must prevail at law, against a younger grant.

If the elder patent, in the present case, was issued by mistake, or upon false suggestions, it is voidable only; and unless letters patent are absolutely void on the face of them, or the issuing of them was without authority, or was prohibited by statute, they can only be avoided in a regular course of pleading, in which the fraud, irregularity, or mistake, is directly put in issue. The principle has been frequently admitted, that the fraud must appear on the face of the patent, to render it void in a court of law; and that when the fraud, or other defect, arises on circumstances *dehors* the grant, the grant is voidable only by suit. (1 *H. & M.* 187. 190. 1 *Munf.* 134.) The regular tribunal for this purpose is *chancery*, founded on a proceeding by *scire facias*, or by bill, or information. It would be against precedent, and of dangerous conquencees to titles, to permit letters patent (which are solemn grants of record) to be impeached collaterally by parol proof in this action.

The evidence offered at the trial was inadmissible, and the plaintiff is entitled to judgment.

Judgment for the plaintiff.