## Case No. 16,919.

### VERMONT v. SOCIETY FOR THE PROPAGATION OF THE GOSPEL.

[1 Paine, 652.] [1]

Circuit Court, D. Vermont. Oct. Term, 1826.

FORFEITURE OF LAND GRANTS — CORPORATIONS — SCIRE FACIAS—CONDITIONS OF GRANT.— NOMINAL RENT—PLEADING.

1. The king of Great Britain granted a charter of a town in that part of the province of New-Hampshire, which is now Vermont, to be divided among the grantees, and to be held on certain conditions mentioned in the charter. The defendants, who were one of the grantees, were a society in England incorporated by a charter from the king. A scire facias was issued on behalf of the plaintiffs, requiring the defendants to show cause why a forfeiture of their right to the lands had not been incurred, and assigning as grounds of forfeiture a non-performance of the conditions on which the lands were held, and violations of their charter of incorporation. On demurrer to the scire facias, held, that such violations of their charter of incorporation could not be thus collaterally drawn in question, but that it should be vacated by some direct proceeding for the purpose.

[Cited in Southern Pac. R. Co. v. Orton, Case No. 13,188a.]

2. Among the conditions of the grant were, that the grantees, their heirs and assigns, should pay rent and cultivate a certain portion of the land. Held, that no reasons of public policy exempted the defendants from the performance of these conditions, and that they were within their letter and spirit.

3. Each grantee was to pay annually for the first ten years, an ear of corn, rent for his share of the land, if lawfully demanded. Held, that this was a mere nominal rent, and its non-payment not a ground of forfeiture, and that the breach of the condition was ill assigned, as there was no averment that it had been lawfully demanded.

4. After the first ten years a rent of one shilling for every hundred acres was to be paid annually to the grantor, in his council chamber in Portsmouth, or to such officer as should be appointed to receive the same. Held, that payment at the place appointed had been rendered impossible by the separation of the countries, and that the plaintiffs should have averred that they had appointed another place of payment or an officer to receive the payment, and that notice thereof had been given to the defendants.

5. There was no declaration, but the writ of scire facias was demurred to. Held, that the legal effect was the same as if the demurrer had been to the declaration, and the same judgment was ordered to be entered.

T. Hutchinson, for plaintiffs.
J. H. Hubbard, for defendants.

[1] [Reported by Elijah Paine, Jr., Esq.]
28 FED. CAS.—73

THOMPSON, Circuit Justice. This case comes before the court on a general demurrer to a scire facias issued in behalf of the state of Vermont, calling upon "The Society for Propagating the Gospel in Foreign Parts," to show cause why a forfeiture of their right to all the lands claimed in the town of Berlin, in said state, should not be incurred. The scire facias recites, that on the 8th day of June, in the year 1763, Benning Wentworth, governor of the province of New-Hampshire, then being one of the colonies of Great Britain, claimed to hold jurisdiction, and the right to make grants and charters of land over the whole territory now contained within the state of Vermont. And that on the said 8th day of June, George the Third, then king of Great Britain, by the said Benning Wentworth, made a grant and charter of the said town of Berlin (particularly describing the boundaries thereof) to the subjects of the said king of Great Britain, then inhabitants of the province of New-Hampshire, and other governments, and to their heirs and assigns for ever, whose names were entered on the said grant, to be divided to and among them into seventy equal shares, and that among the grantees aforesaid entered upon the said grant, was the incorporated Society for the Propagation of the Gospel in Foreign Parts, to which society was granted in and by said grant one whole share, consisting of one seventieth part of said township. That to the grant and charter were annexed, as a part thereof, sundry conditions upon which the grantees took and held the estate, and upon the performance of which only have they a right to hold the premises contained in said grant. These conditions are set out as follows: That every grantee, his heirs or assigns, should plant and cultivate five acres of land, within the term of five years from the making of said grant, for every fifty acres contained in his or their share or proportion of land in said township, and continue to improve and settle the same, by additional cultivations, on the penalty of forfeiture of his grant or share in said township, and of its reverting to the grantor, his heirs and successors, to be regranted to such of their subjects as should effectually settle and cultivate the same. That each grantee should pay to the grantor, his heirs and successors, the rent of one ear of Indian corn only for the space of ten years, on the 25th day of December annually, if lawfully demanded. That every proprietor, settler, or inhabitant, should yield and pay to the said grantor, his heirs and successors, yearly and every year for ever, from and after the expiration of ten years, viz. from the 25th day of December, 1773, one shilling, proclamation money, for every hundred acres he so owns, settles, or possesses, and so in proportion for a greater or less tract, to be paid in the council chamber of said grantor in said Portsmouth, or to such officer or officers as should be appointed to receive the same: To be in lieu of all other rents and services whatever. The charter or grant,

oyer of which is craved, and set out in the demurrer, contains two other conditions: One relative to the preservation of white pine trees, fit for masts for the royal navy, and the other relative to a certain tract of land in the centre of the township, to be laid out in town lots. But as no breach of either of these conditions is alleged, it is unnecessary particularly to notice them. The scire facias then avers, that all the right which the society ever had to the said land had long since been forfeited to the state of Vermont. For that the said society has never paid any of the rents aforesaid, nor any other rents for the lands aforesaid, nor has said society performed any of the conditions to said charter of said town of Berlin, on the part of said society to be performed. Nor has said society within five years from the making of said grant, of the township of Berlin, nor at any time since, planted and cultivated five acres for every fifty acres of land set off to them, nor continued to improve and settle the same by additional cultivation.

From the statement thus far made of the allegations contained in the scire facias, the only breaches of the conditions contained in the charter which can be drawn in question, in the present state of the pleadings, are those which relate to the cultivation and improvement of the land, and the payment of the rent. These are the only conditions recited and set out in the scire facias, and the general allegation of non-performance of the conditions of the charter must be taken and construed, as having reference to these alone; for, from any thing appearing on the face of the scire facias, they are the only conditions which the charter contained; and the breaches of which are specifically assigned as the grounds upon which the forfeiture of the grant is claimed. All the matter introduced into the scire facias, by recitals of the charter of incorporation of the society, and the allegations of a misapplication of their funds, and a violation of the trusts vested in the corporation, must be entirely laid out of view, being altogether irrelevant, and which cannot be drawn in question under any proceedings on the scire facias now before the court. If this corporation has forfeited its charter, through negligence or abuse of its franchises, whereby the conditions upon which it was incorporated have been broken, the charter must be vacated by some direct proceeding for that purpose (usually by bill in chancery, scire facias, or information in the nature of a writ of quo warranto), where the grounds upon which the forfeiture is claimed, may be put in issue by a regular course of pleadings. It would be against precedent and of dangerous consequence to permit it to be impeached collaterally in the manner here attempted. This is a rule which has been long and well settled in the English courts, and in several of the state courts in this country, as it relates to letters patent. And the same reason applies to charters of incorporation, which are matters of record and good upon the face, and voidable only by some judicial proceeding. 10 Johns. 23; 12 Johns. 77; 1 Bl. Comm. 512.

And it seems to be assumed by the supreme court of the United States in the case of Society for Propagation of Gospel v. Town of New Haven, 8 Wheat. [21 U. S.] 483, that the courts of this state have no jurisdiction to declare a forfeiture of this charter and take away its franchises on account of any misuser or non-user. And indeed this is a principle assumed by the legislature of this state in the act of the 30th of April, 1794, and is assigned in the preamble as one of the reasons upon which the act is passed. "That the society is a corporation erected by, and existing within a foreign jurisdiction. to which they alone are amenable."

If this society still exists in its corporate capacity, and is capable of holding real property in this country and is protected under the treaties with Great Britain, in the use and enjoyment of all its rights, in the same manner as natural persons, all which points seem to be settled by the case referred to against the town of New-Haven, we are brought back to the inquiry, whether this society has forfeited its right to the land granted to it in the town of Berlin, by a breach or non-performance of the conditions contained in the grant. And the only conditions drawn in question, as has already been observed, are those which relate to the payment of rent, and the cultivation and improvement to be made upon the land.

As a general answer, applicable to all the breaches alleged as ground of forfeiture, it has been urged, that the society is not embraced within the letter or spirit of the charter, which requires the payment of rent, or the improvement and cultivation of the land: That these conditions apply only to individual grantees, and not to the public rights. It is true, that so far as respects the cultivation and improvement, the charter requires, that every grantee, his heirs and assigns, shall plant and cultivate, &c. The words, heirs and assigns, are not technically applicable to a corporation: but the word grantee may be, without any very forced interpretation. And the argument, if well founded, would go to show that this society could take nothing under this grant. The grant is "to our loving subjects, inhabitants of our said province of New-Hampshire, and other governments, and to their heirs and assigns for ever, whose names are entered on this grant, to be divided to and among them into seventy equal shares." And upon the back of the grant is entered, "One whole share for the incorporated Society for the Propagation of the Gospel in Foreign Parts." And the habendum is, "to have and to hold the said tract of land, as above expressed, to them and their respective heirs and assigns for ever." This language is strictly applicable to private persons, and not incorporated bodies. But not to consider the society as a grantee capable of taking a share, would be a construction that would probably, in its consequences, take away the right of the society in every town in the state, and would be at war with the uniform interpretation heretofore given to these grants. And if the society is capable of taking as a grantee under this charter, no consistent construction

will restrict the conditions so as to exempt the society from a performance of them. The language of the grant, with respect to the payment of rent is, "that every proprietor, settler, or inhabitant, shall pay," &c. The term proprietor may well be applied to a corporation, when it is so obviously within the intention of the grant. No reasons of public policy are perceived to justify making any distinction between what are called the public and the individual rights, as to the performance of these conditions. The language of the grant applies equally to all.

The inquiry then is, whether the breaches of these conditions are sufficiently set out in the scire facias, to entitle the plaintiffs to a judgment on the demurrer. The non-payment of the corn rent reserved, was not relied upon on the argument; but the breach of the condition, as alleged in the scire facias, applies as well to this as to the money rent. It is sufficient, however, to observe, that this was evidently a mere nominal rent, and at all events, only payable if lawfully demanded. The scire facias should therefore have contained an averment, that it was lawfully demanded, and the breach is not well assigned without such averment. There is also with respect to the money rent reserved, a want of proper and necessary averments. It is, as to place, made payable in the king's council chamber in Portsmouth. A compliance with the condition, in this respect, has become impossible, by reason of the Revolution, and by the course of events, which the court is bound judicially to notice. There cannot, since the Revolution, be any such place as the king's council chamber in Portsmouth. The grantor having ceased to have any such place as is appointed for the payment of the rent, a performance of the condition, in this respect, has become impracticable by the act of the grantor, and is void. If the state of Vermont, as is contended, has succeeded to all the rights of the king as grantor, and had a right to substitute any other place for the payment, it should have been averred that that had been done, and due notice thereof given to the grantees before a breach of the condition can be alleged. There is, however, an alternative at the election of the grantor. The rent is made payable in the council chamber in Portsmouth, or to such officer or officers as shall be appointed to receive the same; but the scire facias should have contained an averment, that such officer or officers had been appointed to receive the rent and notice thereof given to the grantees, before any default for non-payment could be incurred by them. There is, therefore, no sufficient breach of the condition for the payment of rent alleged, to entitle the plaintiffs to judgment on the demurrer, on that account.

With respect to the condition relative to the cultivation and improvement of the land, the scire facias does contain an express averment, that the society has not within five years from the making of the grant, nor at any time since, planted and cultivated five acres for every fifty acres of land set off to them in the said town of Berlin, nor continued to improve and settle

the same by additional cultivation. The breach is here well assigned. It is in the words of the condition, and expressly denying that what is therein required to be done, has been performed. This is an allegation upon which the defendants might and ought to have taken issue, unless they are by operation of law exempted from the performance of that condition, which we think they are not. The demurrer admits, that it has not been performed. And there is no principle or rule of construction upon which the court can say upon this demurrer, that the society does not come within the condition, or that a performance of it has been dispensed with. If it has been in any manner waived by the state, that is a question to be tried upon a proper issue taken upon the assignment of the breach. The effect of the lapse of time, and the inference to be drawn from the course of legislation of the state, at various times, with respect to these rights, are inquiries to be made on such issue and cannot be noticed by the court upon this demurrer.

Upon these views of this case, the question arises as to what judgment is proper to be entered. The demurrer is to the writ of scire facias, but the legal effect and operation of it, must be the same as a demurrer to the declaration. The declaration upon a scire facias is no more than a copy of the writ. If there are several counts in a declaration, or if in covenant several breaches are assigned, some of which are sufficient and others not, the defendant should only demur to such as are bad. If he demurs to the whole declaration, judgment must be given against him. And this rule applies equally to a single count, part of which is good and the other not, when the matters are divisible in their nature. 1 Chit. Pl. 643; 11 East, 567; 6 Dane, Abr. 203, and cases there cited. These are rules of pleading well settled in the English courts, and must govern the present case. The plaintiffs are therefore entitled to judgment, upon the breach of the condition, that has been considered well assigned, and will be barred from any benefit by reason of any other breaches which are insufficiently alleged. Leave, however, is given to the defendants to withdraw the demurrer, so far as relates to the breach well assigned, and take issue upon the allegation therein contained, if they shall elect so to do.

[For hearing on demurrer to certain pleas which were interposed, see Case No. 16,920.]