John Gallipot, *ex dem.* John Bruner, plaintiff in error *v.* Jonathan D. Manlove and Moses Manlove, defendants in error.

*Error to Schuyler.*

Where two patents have issued for the same lands to different persons, at different times, the elder patent is the highest evidence of title, and, so long as it remains in force, is conclusive against a junior patent.

A patent cannot be impeached by parol, in an action of ejectment.

The certificate of the Register of a Land Office, of the purchase of a portion of the public lands of the U. S., is, under the statute of this State, of as high a character in point of evidence as a patent, in an action of ejectment; and is to be governed by the same rules of interpretation.   The elder certificate is conclusive against a subsequent one.

This was an action of *ejectment* tried at the October term, 1834, of the Schuyler Circuit Court, before the Hon. Richard M. Young.

The cause was submitted to a jury, and the jurors not being able to agree upon their verdict, were discharged, by consent of parties, and the following agreement entered on the records of the Court:

"In this cause, the jury having been out and returned to the

Court, and reported that they could not agree upon a verdict, thereupon the parties agree that the jury be discharged, and that a judgment may be entered against the plaintiff in the same manner, and be placed in the same situation, as to both parties, that the case would have been, if the jury had found a verdict against the plaintiff, and the said judgment had been rendered thereon. And the cause is to stand in all respects as though a trial had been had, and a verdict given against the plaintiff; and this agreement shall be entered upon the records of this Court, and made a part thereof.

JOHN GALLIPOT,
By B. McCONNEL, his Attorney.
WALKER & MINSHALL,
Attorneys for defendants.

Upon the trial in the Court below, the following bill of exceptions was taken:

" The plaintiff in this cause, proved the possession by the defendants, and produced the following certificate of the Register of the Land Office, and proved the hand writing of the Register, and offered the same in evidence to the jury, which was objected to by the defendants, which objection was overruled by the Court, and the certificate read as evidence by the plaintiff, to which opinion of the Court, the defendants by their counsel except: the said certificate is in the words and figures following, to wit,—

' LAND OFFICE, SPRINGFIELD, ILLINOIS,
November the 3d, 1834.

I, William L. May, Register of the Land Office at Springfield, Illinois, certify that on the third day of August, eighteen hundred and thirty, John Bruner purchased of the United States, at this office, the North West quarter of Section thirty, of Township two North, of range one West of the fourth principal meridian, as appears from the records on file in this office.

WILLIAM L. MAY, Reg'r.'

The defendants then offered in evidence the certificate of the Register of the same Land Office, which was objected to by the plaintiff, which objection was overruled by the Court, and the said certificate permitted to be read as evidence. The said defendants also offered in evidence a duplicate receipt from the Receiver of said Land Office, for said land, dated the 29th day of January, 1831, which was objected to by the plaintiff, which objection was overruled by the Court, and said duplicate receipt was read as evidence. Said duplicate receipt from the Receiver, and said certificate of the Register, is in the words and figures following:

N

Bruner *v.* Manlove *et. al.*

'RECEIVER'S OFFICE, SPRINGFIELD,
No. 4654.                    January the 29th, 1831.

Received from Jonathan D. and Moses Manlove, Schuyler county, Ill., the sum of one hundred and ninety-seven 60-100 dollars, being in full for N. W. qr. of Section No. 30, Township No. 2 North, Range No. 1 W. 4th pl. Mer'd. containing 158 08-100 acres, at the rate of $1,25 pr. acre.

*Pre-emption Act*, 1830.          JOHN TAYLOR, Receiver.'
$197 60-100.

'LAND OFFICE, SPRINGFIELD, ILLINOIS,
September 19th, 1834.

I, William L. May, Register of the Land Office at Springfield, Illinois, do hereby certify that Jonathan D. Manlove and Moses Manlove, of Schuyler county, Illinois, did on the 29th day of January, one thousand eight hundred and thirty one, purchase of the United States, at the Land Office aforesaid, by virtue of the provisions of an act of Congress approved on the 29th of May, 1830, entitled " *An act to grant pre-emption rights to the settlers on the public lands,*" the North West quarter of Section number thirty, in Township number two North of the base line, in Range number one West of the fourth principal meridian, containing one hundred and fifty-eight acres and eight hundredths of an acre ; all of which facts appear of record in the books on file in this office.

Given under my hand the day and date above written.

WILLIAM L. MAY, Register of the
Land Office at Springfield, Illin's.'

The defendants then offered to prove that the defendants were in possession of the land in question, and cultivated the same several years before the purchase of said land, either by Bruner or the defendants, which was objected to by the plaintiff, which objection was overruled by the Court, and the witness produced and sworn, who testified that said defendants had been in possession and cultivated said land for seven or eight years, except a part of the time they had been a trip to the Mines, out of Schuyler county, but what time they were at the Mines, witness did not recollect.

To the opinion of the Court in admitting said evidence, the plaintiff excepts. The testimony being closed, and the argument of counsel heard, the plaintiff moved the Court to instruct the jury as follows, to wit,—

1st. That the certificate of the Register of the Land Office, showing a sale of the land to John Bruner, in August, 1830, was evidence of title in the plaintiff, until a better, legal and paramount title be exhibited.

2d. That the certificate of the Register and duplicate of the

Receiver of the Land Office at Springfield, showing a sale of the same land in question to the defendants, by the United States, after said sale of said land to Bruner, is not a better, legal and paramount title for said land to defendants.

3d. That the first sale and conveyance of a tract of land by the United States, must prevail in a court of law, against any subsequent sale and conveyance of the same land to a third person.

Whereupon the Court gave the instructions numbers one and three, as prayed for, and refused to give instruction number two, to which opinion of the Court, in refusing to give said last mentioned instruction, the plaintiff excepts. The defendants then moved the Court to give the jury the following instructions, to wit,—

1st. To entitle the plaintiff to recover, he must prove that he had such a title to the land before he instituted his suit, as by law is deemed, in the action of ejectment, a legal title, and paramount to defendants' title.

5th. That if the jury finds for the defendants, and the plaintiff Bruner gets a patent for the land in dispute, he may bring another action against the defendants, and the present action is no bar to such further suit, (the 1st, 2d, 4th and 6th instructions asked by defendants were refused,) which instructions were objected to by the plaintiff, which objections were overruled by the Court, and the instructions given to the jury. To which opinion of the Court the plaintiff excepts; all of which several exceptions, and this bill of exceptions, the plaintiff now prays may be signed and sealed by the judge and made a part of the records in this case.

Let the same be so.

Done in open Court, November term of the Schuyler Circuit Court, A. D. 1834.

RICHARD M. YOUNG, [L.S.]
Circuit Judge, &c. &c.

The cause was brought to this Court by writ of error.

The errors assigned, are,—

1. The Court erred in permitting to be read to the jury as evidence, the certificate of the Register of the Land Office at Springfield, Illinois, showing a sale of the land in question, in January, 1831, to said Manloves.

2. The Court erred in permitting the defendants to prove that they were in possession of, and cultivated said land prior to the sale of said land by the United States to the said John Bruner, as shown by the certificate of the Register of the Land Office at Springfield, Illinois.

3. The Court erred in refusing to give the second instruction

as prayed for by the plaintiff, and in refusing to give the instruc-
tion as asked by the plaintiff.

4. The Court erred in giving the instructions prayed for by the
defendants.

The defendants refused to join in error, and the cause was
heard *ex parte.*

MURRAY McCONNELL, for the plaintiff in error, cited R. L.
280 ;(1) Jackson *v.* Lawton, 10 Johns. 23 ; Jackson *v.* Hart, 12
Johns. 81 ; 2 Harris and McHenry's 141–4 ; 3 Story's Laws
1976.

SMITH, Justice, delivered the opinion of the Court :

This was an action of ejectment brought to recover possession
of the North West quarter of Section 30, Town 2 North, of
Range 1 West of the 4th principal meridian, lying in the county
of Schuyler.  A verdict was rendered for the defendant.  On
the trial, the plaintiff offered in evidence, a certificate of the
Register of the United States' Land Office at Springfield, in this
State, dated November 3d, 1834, by which it was declared, that
on the 3d day of August, 1830, John Bruner purchased of the
United States, at the said office, the land in question, as appeared
from the records on file in said office, which was objected to, but.
admitted by the Court, the hand writing of the Register being
proved.  The plaintiff also proved the possession of the land by
the defendants.  The defendants then offered in evidence, which
was objected to by the plaintiff, a duplicate receipt of the
Receiver of public moneys at Springfield, dated 29th of January,
1831, which expressed to have received of the defendants the
sum of $197,60, being in full for the same land ; also a certificate
of the Register of the said Land Office, dated 19th of September,
1834, which declared, that on the 29th of January, 1831, the
defendants purchased of the United States, at the said Land
Office, by virtue of the provisions of an act of Congress, approved
on the 29th of May, 1830, entitled *" An act to grant pre-emp-
tion rights to settlers on the public lands,"* the same tract of
land which appeared of record in said office.  The Circuit Court
admitted, notwithstanding the objection of the plaintiff, the last
two certificates to be read in evidence.  The defendants were
also permitted to prove, notwithstanding the objection of the
plaintiff, that the defendants were in possession of the land in
question, and cultivated the same several years before the
purchase of the land, either by Bruner or the defendants, except
a portion of time when they had been out of the county, at the
Mines—but how long a time the witness could not state.
Several sets of instructions were prayed for and either given or
refused.  But it is not deemed essential to refer to more than

(1) Gale's Stat. 287.

Bruner *v.* Manlove *et al.*

one asked for by the plaintiff's counsel, and refused to be given by the Court, viz: the 2d, " That the certificate of the Register and duplicate of the Receiver of the Land Office at Springfield, showing a sale of the same land in question to the defendants by the United States, after said sale of said land to Bruner, is not a better, legal and paramount title for said land to defendants."

On this state of the case, three questions seem naturally to arise out of the evidence, on the second instruction prayed for:

1st. What is the rule in reference to the conveyance by the government of the United States of its land, where there are two sales and conveyances of the same land to different persons, and at different periods of time?

2d. What is the character and effect, and what the extent of the rights of the parties, derived from the certificates of the United States' Land Officers, by the laws of this State?

3d. Was the refusal of the Court to give the instruction prayed for by the plaintiff's counsel, an error?

On the first point, we presume that a patent for land, or any mode of sale adopted by the government for the disposition of the public domain, must be subject to the same rules of interpretation as ordinary cases. It will not, we apprehend, be for a moment contended to be otherwise. What then is the rule where two patents have issued for the same lands, to different persons, at different times? The elder patent is the highest evidence of title, and as long as it remains in force, it is conclusive against a junior patent. The second patent is inoperative and void, if the land passed by the first patent.

It is the almost universal rule of our courts, to look to the elder patent in all questions of title, and to give it effect. It is not for the Court to look to any equitable claim on the general government which a third party might have in respect to lands conveyed to another person prior to the issuing the patent.(1)

The elder patent must be impeached and vacated, before any title can be set up under the younger one, and it cannot be impeached by parol proof in such an action as the present. Letters patent are matter of record; they can alone be avoided in chancery by a writ of *scire facias* sued out on the part of the government or by some one prosecuting in its name, or by a bill in chancery. The settled English practice is so, and we have no law or practice prescribing a different course. By an examination it will be found, that the authorities, both English and American, speak of the case of two successive patents for the same thing, and that the second patent is void, though some differ as to which shall pursue the remedy to vacate either. The better construction, however, and one more consonant to the nature of

(1) Jackson *ex dem.* Mancius *v.* Lawton, 10 Johns. 23; Jackson *v.* ———, 4 Johns. 163; Jackson *v.* Hart, 12 Johns. 77, 81.

N*

the case, seems to be, that the *scire facias* should be prosecuted by the second grantee, to avoid the first, it being a matter of record, or that he pursue his remedy by bill in chancery.(1)

In Virginia, by a law of that State, a patent may be declared void from defects appearing on its face, without the necessity of resorting to a *scire facias* to repeal it.(2)   Considering then that the rule of law is as stated, in reference to two patents issued at different times, to different persons, for the same thing, we are necessarily led to the consideration of the second point, in which is to be examined the character and effect of the certificates of the Register and Receiver, and the rights of the respective parties under them.

By the 4th section of the act declaring what shall be evidence in certain cases, approved 10th January, 1827,(3) it is declared that " The official certificate of any Register or Receiver of any Land' Office of the United States, to any fact or matter on record in his office, shall be received as evidence in any court in this State, and shall be competent to prove the fact so certified.   The certificate of any such Register of the entry or purchase of any tract of land within his district, shall be deemed and taken to be evidence of title in the party who made such entry or purchase, or his heirs or assigns, to recover possession of the land described in such certificate, in any action of ejectment or forcible entry and detainer, unless a better, legal, and paramount title be exhibited for the same."   From this section of that act, it is manifest that the Register's certificate is raised to as high a character in point of evidence, in the present form of action, as a patent possibly could be.  Its effect is to be the same, and the rights derived from it for the purpose of recovering or maintaining possession of lands described in it, are co-extensive with the most formal, regularly issued patent.

These certificates not only vest the title acquired by purchase from the government in the purchaser, for the purposes named, but make that title transmissible to the heir or to the assignee. For any purpose, then, so far as regards the character of these certificates as evidence in an action of ejectment, they must be considered of as high dignity as patents, and partaking of all their legal attributes.   Having settled their character and effect, the rights of the parties under them must be governed by the same rules of interpretation as in the case of patents.   No reason can exist for an exception.   There is, however, a point of some importance in the case, which seems not to have been adverted to by counsel in the Court below or here.   The certificate of the Register given to Bruner, shows the fact that the land was pur-

(1) King *v.* Avery, 2 Term R. 515; Daniel's case, Dyer 133.
(2) Alexander *v.* Greenup, 1 Munf. 134; R. C. of Virginia, of 1819, vol. i. 466.
(3) R. L. 280; Gale's Stat. 287.

chased after the passage of the pre-emption law. But whether the defendants established their right to the pre-emption at the Land Office, before or after the purchase by Bruner, does not appear in the case. We might presume it was subsequent thereto, and at the time of the payment of the purchase money; but the Register's certificate is given on the 19th September, 1834, and recites that the purchase was made in pursuance of the act of the 29th May, 1830. But the Receiver's certificate negatives the idea of its being a pre-emption purchase by defendants, for there is no recital in the Receiver's certificate that it was so purchased.

Whether in pursuance of the act of Congress of the 29th May, 1830, the defendants acquired a previous right of purchase of the land in question, we have no means of determining, except so far as the certificate of the Register of the Land Office may lead to such conclusion. But on the other hand, the certificate of the first purchase in August, 1830, by Bruner, is equally as conclusive that the government would not have sold land to which the defendants had a pre-emption right of purchase. The certificate, however, being placed on the same ground as an actual patent for the purpose of evidence in this action, we are bound to consider the first as conclusive until vacated.(1) Whether the same solemnities and forms of proceeding are to be observed to vacate it as in the case of a patent, is a question we are not now called on to determine. That it could not be contradicted by parol, is, however, certain. It would require, we should suppose, some legal proceedings to be had before it could be vacated. Whether there might be sufficient cause to do that, is also a matter not before the Court for its decision. We can know nothing of the merits of such a matter at this time.

The third point is easily settled. The principles here laid down as to the character and effect of the first certificate, and the rights of the party under it, determine the refusal of the Circuit Court to have been erroneous in refusing the instruction asked. The judgment of the Circuit Court is reversed, and the cause remanded, with instructions to the Circuit Court to award a *venire de novo*, and for further proceedings not inconsistent with this opinion.

*Judgment reversed.*

(1) See note to the case of Jackson *ex dem* McConnell *v.* Wilcox. *Post.*