Pratt, J.
This is a motion to compel a person at a partition sale to take title.
Several objections were made to the title some of which were obviated by subsequent affidavits and orders and the others were overruled by the court at special term.
Under the will of Thomas Cornell it is obvious the devise was to the executors in trust to convert the estate into money and divide the same into shares, invest and pay over the income to the life tenant, and upon his death pay the principal to his children. The executors took a fee. The children had no interest in the land. Bennet v. Garlock, 79 N. Y., 302; Morse v. Morse, 85 id., 53.
The whole estate in law and equity was vested in the executors subject only to the execution of the trust, and the children had simply a right to enforce the performance of the trust in equity.
It follows that the child of the plaintiff was not a necessary party to the action.
*615 The alleged defects in the service of the infant defendants was cured by the filing of subsequent affidavits.
The objection that the judgment does not provide for the protection of the inchoate right of dower of the wife of plaintiff and also the wife of Charles R. Cornell was cured by releases obtained from them.
The objection as to the description of the premises is without merit. The description in the judgment, notice of sale and referees deed is correct. There can be no difficulty in a person skilled in such matters in locating the premises.
The judgment must control and the alleged misdescription in an old deed is not material in identifying the property in question. Brookman v. Kurzman, 94 N. Y., 272; Peck v. Mallams, 6 Seld., 532; Jackson v. Marsh, 6 Cow., 283.
The delay in perfecting the title does not appear to be such as to excuse peformance of the contract on the part of the purchaser. In fact he does not seem to have been prejudiced by it. Ho unreasonable delay was made considering all the circumstances.
We think the order made at special term was proper and must be affirmed, with costs.
Dykman, J., concurs; Barnard, P. J., dissenting.