CATHERINE B. CANNON *vs.* URIAH EMMANS, impleaded, etc.

August 20, 1890.

Deed — Construction of Description—Evidence of Circumstances.— Where there is doubt or uncertainty arising from the terms of the description in a deed, or in the application thereof to the subject-matter, the court may place itself in the position of the grantee, and read it in the light of the circumstances under which it was executed, and may consider the condition of the property, state of the title, boundaries, or other material matters in aid of its interpretation.

Same—Intention to Prevail.—The description is to be so construed as to give effect, if possible, to the intention of the parties.

Same—Discrepancy between Metes and Bounds and Plat.—Where a description by metes and bounds is supplemented by a reference to a particular lot or subdivision of land to indicate the tract intended to be conveyed, the former, though to be preferred, by ordinary rules of construction, as the more certain expression of the intention of the grantor, will not, however, necessarily be controlling, if, under all the circumstances, the land intended to be conveyed more clearly appears by the latter description.

Action to determine defendant's adverse claim to vacant land in Minneapolis, brought in the district court for Hennepin county, and tried by *Hooker*, J., who ordered judgment for defendant. The plaintiff appeals from an order refusing a new trial.

*Hawley & Hall*, for appellant.

*Daniel Fish*, for respondent.

VANDERBURGH, J.   The dispute is as to the location of a boundary line, and involves the title to 13.34 feet of land fronting on Lyndale avenue, in the city of Minneapolis.   The common source of title was Allen Harmon, who owned the government subdivision in which the land in controversy lies.   There was conveyed to one Sampson by Allen Harmon, by deed dated May, 1857, a tract of land described as follows: "Beginning at a point 30 feet north of the southwest corner of the northwest quarter of the northwest $\frac{1}{4}$ of section 27, town 29, range 24 west, being the centre of block 33 in Wilson, Bell & Wagner's addition to Minneapolis, in said county of Hennepin, and running east 290 feet to block 34; thence south 418 feet, more or less, to the south line of the land sold by said Allen Harmon to Bell & Wilson; thence due west to the line of Z. M. Brown; and thence north to the point of beginning; the same being subject to the streets as now recorded of Wilson, Bell & Wagner's addition to Minneapolis." The same land, by the same description, passed by mesne conveyances to Rachel C. Hutchins, who on the 11th day of February, 1875, conveyed by warranty deed to one Laraway a parcel of the above-described tract, described as follows: "Commencing at the southwest corner of lot 4, in block 33, in Wilson, Bell & Wagner's addition to Minneapolis; thence due south 150 feet; then at right angles due east 260 feet; thence at right angles due north 150 feet to the southwest corner of lot 6, in block 34, of said Wilson, Bell & Wagner's addition to Minneapolis; thence at right angles due west 260 feet to the place of beginning." It will be observed that, as this tract is carved out of the land owned by Hutchins, its *south boundary* is the *north boundary* of the land remaining in Hutchins after such conveyance to Laraway; and this fact must be apparent to all parties claiming title under these deeds, which were all duly recorded. Thereafter, on May 27, 1875, Laraway conveyed to one Lewis a par-

cel of the land conveyed to him, described as follows: "Commencing at the southwest corner of lot 4, in block 33, in Wilson, Bell & Wagner's addition to the city of Minneapolis, in accordance with the recorded plat thereof; thence due south 150 feet; thence at right angles east 100 feet; thence at right angles due north 150 feet to the southeast corner of lot 3 in said block; thence at right angles due west 100 feet to the place of beginning." The initial point in both these descriptions is in the middle line of block 33, as in Harmon's deed. On July 29, 1875, Lewis conveyed to Charles Cannon a parcel of the tract last above described, as follows: "The following property described by metes and bounds, situate in the southwest quarter of the northwest quarter of section No. 27, town 29, range 24 west, within Minneapolis city limits, to wit: Commencing on the east line of Lyndale avenue in said city, at a point 60 feet south of the northwest corner of the said southwest quarter of northwest quarter of section 27, and running south on said avenue line 60 feet; thence east at right angles 100 feet; thence north at right angles 60 feet; thence west 100 feet to the place of beginning; embracing the south part of lots 5 and 6, in block No. 33, according to the published plat of Minneapolis, representing the said lots to be in Wilson's addition thereto." This land was by the same description conveyed to the plaintiff March 20, 1879.

Lyndale avenue is the west boundary of the land conveyed to Laraway by Hutchins, which fronted thereon 150 feet. It will also be observed that the middle line of block 33 in Wilson, Bell & Wagner's addition is the north boundary of the land conveyed by the several deeds down to Lewis. While in the original deed of Harmon to Sampson the initial point is 30 feet north of the southwest corner of the government subdivision named, yet it is definitely fixed in the centre line of block 33. This block is fractional, the north tier of lots, lying parallel with Lyndale avenue, being marked 1, 2, 3, and 4, and were 150 feet in depth by 50 feet in width; and south of the centre line are four fractional lots of corresponding width, and 30 feet in length, as appearing by the survey and recorded plat of that addition, which plat also shows that the tract south of the fractional lots to the Hutchins line, 120x100 feet, comprises lots 5 and

6 in "Wilson's Addition," so-called, as indicated in the same plat, and apparently completing the block. And lots of similar description and size appear in connection with block 33, on a map of Minneapolis and St. Anthony, published prior to the deed to plaintiff's grantor. Her deed, it is admitted, conveyed to her a tract of 60x100 feet, fronting on Lyndale, and being a part of the land designated as lots 5 and 6 in Wilson's addition, as shown by the plat referred to. But the question raised by the uncertainty in the description in her deed is whether the land conveyed to her extends to the south boundary line of lots 5 and 6, referred to, (that is, to the south line of the Lewis tract,) or whether plaintiff's south line is to be fixed at a distance of 13.34 feet north of that line, thus leaving a strip of land 13.34 front by 100 feet in depth, lying between plaintiff's land and Hutchins's land, still unconveyed by Lewis.

The defendant claims to have purchased the balance of the Lewis tract, the remaining 90 feet lying north on Lyndale avenue, and that the effect of the interpretation of plaintiff's deed as insisted on by the plaintiff would be to deprive him of a like strip of 13.34 feet of land. The uncertainty arises from the initial point in the description contained in the plaintiff's deed, which is a point 60 feet south of N. W. corner of S. W. $\frac{1}{4}$ of N. W. $\frac{1}{4}$ of section 27. The corner of the 40-acre tract referred to is the same point as indicated in the deed from Harmon to Sampson as 30 feet south of the middle line of block 33, but is now claimed, and found by recent surveys made since the deed to plaintiff, to be in fact only 16.64 south of that line, instead of 30 feet, as previously understood. It appears, however, from the evidence, that Allen Harmon was the owner of the land included in Wilson, Bell & Wagner's addition when it was surveyed, as well as of the land afterwards conveyed to Sampson, all lying in one tract, and that the survey and plan thereof was made by actual measurements from the north line of the section, and without regard to the government subdivisions. By the survey as located on the land the south boundary was 1,320 feet (80 rods) south of the north line of the section, and 30 feet south of the middle line of block 33, as the same also appears upon the recorded plat. Whatever uncertainty there may have been as to the location of the government cor-

ners, there is none as to the north and south boundaries of the Lewis tract, and plaintiff was bound to take notice of the description in prior deeds under which she derived title. The description is aided and defined by that portion which follows the delineation of the courses and distances, and which clearly, in the light of the circumstances, the condition of the title, and location of the boundaries of the Lewis tract, as shown by the prior deeds, shows that the purpose of the deed in question was to convey a tract embracing the south 60x100 feet of lots '5 and 6, therein referred to. The entire description is consistent if the initial corner is located where Harmon's deed locates it, 30 feet south of the centre line of block 33; but if the first call is rejected, as it otherwise may be, there is still enough in the description to show that the land intended to be conveyed is that last above described. And, for the purpose of discovering the intention of the grantor, the court may place itself in his place, and then consider how the terms of the instrument affect the subject-matter. *Witt* v. *St. Paul & N. P. Ry. Co.*, 38 Minn. 122, 127, (35 N. W. Rep. 862;) *Austrian* v. *Davidson*, 21 Minn. 117; *Everett* v. *Continental Ins. Co.*, Id. 76; *Driscoll* v. *Green*, 59 N. H. 101; *Crafts* v. *Hibbard*, 4 Met. 438, 452; *Jackson* v. *Marsh*, 6 Cow. 281; 2 Devl. Deeds, §§ 851, 1033.

Considering, then, all the circumstances under which the deed was made, as shown by the record, it would hardly be reasonable to suppose that the grantor, Lewis, intended to leave a strip south of the land granted so narrow as to be useless; and so we think effect may be given to her reference to the lots designated as showing that the land intended to be conveyed is the south 60 feet thereof. And, when the intention is manifest, it will control in the construction of the deed, without regard to mere technical or artificial rules of construction. *Witt* v. *St. Paul & N. P. Ry. Co.*, *supra*; *Driscoll* v. *Green*, *supra*; *Johnson* v. *Simpson*, 36 N. H. 91, and cases; *Jackson* v. *Marsh*, *supra*; *Walsh* v. *Hill*, 38 Cal. 481, 486, 487.

Order affirmed.