# YOUNT *v.* HOWELL.

In ejectment, the value of improvements, even when defendant holds under color of title adversely to plaintiff, can only be allowed as a set-off to damages.

A patent from the United States proves itself.  Courts take judicial notice of the signature of the President and of the seal of the government.

Where the complaint in ejectment avers that the land sued for is known by the name of "La Jota," heretofore granted to plaintiff by the Mexican Government, and the patent issued thereon refers to the grant, the proceedings before the Land Commission and United States Court for confirmation, these recitals in the patent support the averment of title through the grant.

The patent is in itself, as against the government, evidence of the existence and validity of the grant recited in it, as well as of the relinquishment of all claim of the United States to the land it embraces.

The rule of the common law as to the necessity of proof in ejectment, of a legal estate and a right of entry in the plaintiff at the date of the demise laid in the declaration, has no application under our system.

It is sufficient in our system if it appear that the plaintiff was entitled to possession of the premises at the commencement of the action, and the date of the alleged seizin or possession and ouster is only material when the question of mesne profits is involved.

Such profits, when claimed in the ejectment suit, are limited to such as accrue sub-

sequent to the ouster alleged—or in other words, the occupation of the defend-
ant. When they are claimed in an independent suit, the record of recovery
in the ejectment, is, as to the title, only evidence of the right of possession of
the plaintiff at the commencement of the action in which the recovery was had.

It is otherwise at the common law; there, the proof of title being held strictly to
the date of the demise laid, the judgment was conclusive of such title.

Under our system the judgment in ejectment is only conclusive of two points; the
right of possession in the plaintiff, and the occupation of the defendant at the
commencement of the suit.

Other facts, necessary to recover mesne profits, must be shown by evidence *aliunde.*

A defendant in ejectment claiming under the government of the United States as a
mere pre-emptioner, cannot show that the land described in the grant from the
Mexican Government and petition to the Land Commissioners, is different from
that embraced in the patent.

The action of the officers of government, in the location of lands claimed under
confirmed Mexican grants, cannot be inquired into in an action of ejectment.
The patent is conclusive upon these matters, and implies a compliance with
every prerequisite of the law to its issuance.

Unless a patent is issued without authority, or is prohibited by statute, or is void
on its face, its operation against the government, and those claiming by title
subsequent, cannot be questioned in any collateral suit.

For errors, irregularities, or fraud, committed in any of the steps preliminary to its
issuance, inquisition can only be had in a proceeding taken directly for that pur-
pose.

A patent takes effect by relation, from the first step in the proceedings for confirma-
tion of the grant.

APPEAL from the Seventh District.

Plaintiff had judgment, defendant appeals.

*C. W. Langdon,* for Appellant.

*John Currey* and *H. Edgerton,* for Respondent, cited: *Waterman*
v. *Smith,* 13 Cal. 373, and *Moore* v. *Wilkinson,* Id. 478.

FIELD, C. J. delivered the opinion of the Court—COPE, J. and
BALDWIN, J. concurring.

It is unnecessary to pass upon the instruction of the Court in
reference to the rents and profits claimed by the plaintiff, as the
remitting of the amount found by the jury was made a condition
of refusing a new trial, and the condition was accepted. Nor is
it for the same reason necessary to notice the exception taken
to the exclusion of evidence of the value of the improvements
upon the premises. Their value, even were the defendant hold-
ing under color of title adversely to the plaintiff, in good faith

could only be allowed as a set-off to the damages.    (Prac. Act, Sec. 257.)

The case must be determined upon the sufficiency of other grounds urged for the reversal of the judgment.    The action is one of ejectment to recover certain premises situated in the county of Napa.    The complaint alleges the seizin and possession of the plaintiff on the 1st of January, 1852, and the subsequent entry and ouster by the defendant on the same day.    On the trial the plaintiff gave in evidence a patent of the United States of the premises in controversy bearing date of the 18th day of December, 1857.    The patent was issued under the Act of Congress of 1851, for the settlement of land claims in California, upon a grant of the Mexican Government, and its recognition and confirmation by the United States Board of Land Commissioners, and the final decree of the District Court of the United States.    The grant bears date of the 23d of October, 1843. The petition to the Board for its confirmation was presented on the 5th of April, 1852, and the survey under the final decree was approved by the Surveyor-General on the 4th of August, 1857.

Objections were made to the admission in evidence of the patent in substance, as follows:  First, that it was not sufficiently authenticated as such.    Second, that the complaint contains no averment in relation to the same, but refers to the grant as a source of title.    To the first objection the answer is found in the fact that the patent proves itself, and requires no authentication other than the signature of the President and the seal of the government.    The Court takes judicial notice of both signature and seal.    (*Patterson* v. *Winn et al.* 5 Wheat. 232; 1 Greenl. Ev. Sec. 6.)    As to the second objection the answer is as ready and complete.    The complaint designates the tract of land as known by the name of "La Jota," heretofore granted by the Mexican Government.    The patent refers to the grant and the proceedings before the Land Commissioners and United States Court for recognition and confirmation, and is itself, as against the government, evidence of the existence and validity of such grant, as well as of the relinquishment of all claim of the United States to the land it embraces.    The reference to the grant in the complaint is more by way of description than as a

source of title, but in either case the allegations are sufficiently supported by the recitals of the patent.

The variance between the date of the alleged seizin and possession of the plaintiff in the complaint, Jan. 1st, 1852, and the date of the patent, Dec. 18th, 1857, is of no consequence, the latter being previous to the commencement of the action, and the motion for a nonsuit on that ground was properly denied. The rule of the common law in relation to the proof of a legal estate and the right of entry at the date of the demise laid in the declaration, has no application under our system. The action of ejectment, at common law, proceeded upon a fictitious demise; and hence it became necessary to show title in the lessor of the plaintiff at the date of the alleged demise. In our system the fiction has no existence. In our practice it is sufficient if it appear that the plaintiff was entitled to the possession of the premises at the commencement of the action, and the date of the alleged seizin or possession and ouster become material only when the question of mesne profits is involved. These profits can be recovered in the action of ejectment, and when claimed in that action, the proof must be limited to such as accrued subsequent to the ouster alleged—or, in other words, the occupation of the defendant. When they are claimed in an independent suit, the record of recovery in the ejectment is, as to the title, only evidence of the right of possession of the plaintiff at the commencement of the action in which the recovery was had. The rule is otherwise at the common law. The necessity of proof of title at the date of the alleged demise rendered the judgment conclusive of such title. (*Poston* v. *Jones*, 2 Dev. & Bat. 294; *Whittington et al.* v. *Christian et al.* 2 Rand. 353; *Doe* v. *Dupey*, 4 Marsh, 389; *Chiral* v. *Reinicker*, 11 Wheat. 280; *Dewey* v. *Osborn*, 4 Cowen, 329.) This proof not being required in our practice, a corresponding change in the conclusiveness of the judgment follows. With us the judgment is only conclusive of two points; the right of possession in the plaintiff, and the occupation of the defendant at the institution of the suit. Whatever beyond these facts may be necessary, in an independent suit, to recover mense profits, must be established by evidence outside of the record in the ejectment. Whether the grant itself—the same having been issued long anterior to the date of

Yount *v.* Howell.

the alleged seizin of the plaintiff—was a sufficient answer to the motion for a nonsuit, it is unnecessary to determine, and on the point we refrain from the expression of any opinion.

The evidence offered to show that the tract of land described in the grant, and the petition to the Commissioners, is different from that embraced in the patent, was properly excluded. The defendant claims one hundred and sixty acres of the premises by virtue of his settlement and improvement thereon, made with the intention of pre-empting the land under the Acts of Congress. Such settlement and improvement conferred upon him no rights affecting the validity of the acts of the officers of government, either in the location of the land granted or the issuance of the patent. He possessed no interest giving him a standing in Court against the assertion of the rights of the plaintiff. The pre-emption laws of the United States were not extended to California until after proceedings had been taken for the confirmation of the claim under the grant, and to the first step in such proceedings the patent took effect by relation. But aside from this consideration, the evidence was inadmissible. The action of the officers of government in the location of lands claimed under confirmed Mexican grants, cannot be inquired into in an action of ejectment. The patent is conclusive upon these matters in such action. Its existence implies a compliance with every prerequisite of the law to its issuance. (*Polk's Lessee* v. *Wendall et al.* 9 Cranch, 98; *Norvell* v. *Cram et al.* 6 Mumford, 237; *Patterson* v. *Winn et al.* 11 Wheat. 380; *Cook's Lessee* v. *Carrol,* 6 Md. 112; *Parker* v. *Claiborne,* 2 Swan, 571.)

Unless a patent is issued without authority, or is prohibited by statute, or is void upon its face, its operation against the government, and those claiming by title subsequent, cannot be questioned in any collateral suit. For errors, irregularities, or fraud, committed in any of the steps preliminary to its issuance, inquisition can only be had in a proceeding taken directly for that purpose. (See *Moore* v. *Wilkinson,* 13 Cal. 478, and *Biddle Boggs* v. *The Merced Mining Co.* decided at the present term, *ante,* and *Jackson* v. *Lawton,* 10 Johns. 25.)

Judgment affirmed.