## GEORGE BARSTOW v. B. B. NEWMAN et als.

ERRORS MUST BE SPECIFIED.—If errors of law are relied on on motion for a new trial, they must be particularly specified in the statement, and if not so specified are to be taken as released or waived.

POSSESSION OF LAND.—A party may be in possession of land without a personal residence thereon, or without having personally cultivated or improved it.

CONVEYANCE OF DEMANDED LAND PENDING SUIT.—The conveyance of the demanded premises, by the plaintiff in ejectment, pending the suit, to a person not a party to the action, does not necessarily defeat the action.

APPEAL from the District Court, Twelfth Judicial District, City and County of San Francisco.

The defendants appealed.
The other facts are stated in the opinion of the Court.

*B. B. Newman*, for Appellants.

*Barstow & Tompkins*, for Respondent.

By the Court, SHAFTER, J.:

Action of ejectment for lands in San Francisco. Trial by the Court; finding and judgment for the plaintiff. The appeal is from the judgment and from an order denying a motion made by the defendants for a new trial.

The motion for a new trial was upon the ground of error of law occurring at the trial, and insufficiency of evidence to sustain the judgment. There is no specification in the statement of the particular errors of law upon which the defendant intended to rely in support of his motion, as required by section one hundred and ninety-five of the Practice Act, and all such errors, if there be any, are therefore to be taken as released or waived. Under the head of insufficiency of the evidence " to sustain the judgment," the specification is " that there was no evidence tending to show that plaintiff or his grantors ever resided on the ground," and that " there was no evidence tending to prove that said ground had ever been cultivated or improved by plaintiff, his grantors or tenants." It is true, as matter of fact, that there was no evidence of a personal residence by the plaintiff on the land. Personal residence, though an act of possession, is not a *sine qua non* to that result, as the objection supposes. Possession by a tenant is equally significant and available. As to the other point in the specification, it is untrue in fact. The record is replete with evidence of improvements made by the plaintiff, by his tenants and by those from whom he derived his title.

There is a further specification in the statement on motion for a new trial, that " it was proved on the 31st of May, 1866, and after the institution of this suit, plaintiff had by deed bargained, sold and conveyed a portion of the land to other persons." No such fact is found, and it is not for us to determine on the evidence what was proved and what was not. But if the fact appeared in the record it would be no ground for reversing the judgment. If the plaintiff had conveyed his entire interest pending the suit, and the fact

had been alleged in a supplemental answer, and the truth of the fact had been made to appear, it would not have necessarily defeated the action. (*Moss* v. *Shear*, 30 Cal. 467.) But the sale relied on here was of a part only of the demanded premises, and that fact even was not brought forward by further answer.

The appeal is not only without merit, but altogether frivolous.

Judgment affirmed.