## O. P. RICHARDSON v. JULIUS KIER.

37 263
149 493

MOTION FOR NEW TRIAL—SPECIFICATION OF ERRORS ON.—On appeal from an order denying a new trial, this Court will not review the action of the Court below in refusing an instruction asked by the appellant to be given to the jury, although at the time duly excepted to, where the appellant failed to include it in his specification of errors on his motion for a new trial.

LIABILITY OF OWNER OF WATER DITCH.—Where the bed of a watercourse, extending through the farming lands of R., is used by K. as a channel to convey the waters discharged into it from his ditch, of which it forms a connecting link, such watercourse will be considered as part of K.'s ditch; and where R.'s lands were injured by a deposit of sediment thereon, resulting from an overflow of the watercourse, which was caused either by the failure of K. to have it properly cleared of impediments, or by turning into it a quantity of water which, added to the natural waters flowing therein, exceeded its capacity to carry the same, K. is liable in damages to R. for such injury.

IDEM.—Richardson v. Kier, 34 Cal. 63, as to the liability of ditch owners for damages done by water discharged or sold from ditches, is affirmed.

APPEAL from the District Court, Fourteenth Judicial District, Placer County.

For the nature of this action and the issues joined therein, see the report of this case on a former appeal. (34 Cal. 63.) In the Court below the plaintiff had a general verdict, and for damages assessed at seventy-five dollars; whereupon the Court rendered judgment for said sum, with costs of suit, in favor of the plaintiff, and granted an injunction against the defendant, the material portions of which were as follows:

"That plaintiff is the owner of, and ever since the 1st of November, A. D. 1864, has owned and possessed the lands described in the complaint, as follows: * * * and that from the said last mentioned date until long after the 25th day of April, A. D. 1866, the defendant owned and possessed the water ditches in the complaint described as follows: * * * That said ditches are extended by defendant out of said Coon Creek several miles above plaintiff's said land, and are used by defendant to divert the natural waters of Coon Creek, and also the waters of several ravines emptying into said ditches, over and through plaintiff's said lands, and discharge said waters so conveyed into Coon Creek within

plaintiff's land, before described; and that he thereby diverted the waters of Coon Creek above said lands, and thereby also conveyed them over and across the lands when the said ditch was not in good order or repair, thereby causing the damages complained of, and for which said verdict was rendered. * * * It is therefore ordered, adjudged, and decreed that plaintiff, O. P. Richardson, do have and recover of and from defendant, Julius Kier, the said sum of seventy-five dollars. * * * And it is further ordered, adjudged, and decreed that defendant, his agents, servants, and employés, and all persons holding under, through, or by him, be and they are hereby enjoined from running the waters of Coon Creek, so diverted, or any of the tributaries of said ditches over, through, or by plaintiff's said lands, when said ditches are not properly cleaned out, or in good repair, and when their banks and levees are not properly kept up so as to prevent the injury complained of, and that defendant, and those holding under, through, or by him, be forever restrained and enjoined from further damaging said premises by means of the diversion of said waters, as aforesaid."

The defendant moved for a new trial, and assigned as ground therefor that the Court erred in giving to the jury certain instructions as requested by the plaintiff. The motion was denied, and the defendant appealed from the judgment and from the order denying a new trial. The instructions given as aforesaid were as follows:

"Third—If the defendent's ditch in its course runs through the natural bed of a ravine, then, for the purposes of this suit, the ravine so used for the purpose of conducting the water is just as much a part of his ditch as if it had been dug for the purpose of conveying the water.

"Fourth—The defendant is not liable for damage done plaintiff's ranch by the natural waters of Whisky Diggings Ravine in their natural flow, provided the damage was not

in any way caused by defendant's ditch or its waters. But if the jury believe from the testimony that defendant's ditch was not in good condition—if it was filled with sediment or gravel—and if in heavy floods the natural waters of the cañon threw out and carried this sediment from defendant's ditch on plaintiff's land, then the defendant is liable for the damage caused thereby.

"Seventh — If the waters of defendant's ditch, while mingled with the natural waters of Whisky Diggings Ravine, did any part of the damage complained of, then defendant is liable for such damage as was done by the waters of his ditch, if the same was not in repair at the time of the injury.

"Eighth—If the jury believe that the injury complained of was done by the natural waters of the ravine, still, if the damage was caused by the flow of sand, gravel, or sediment which had been permitted by defendant's negligence to accumulate in his ditch, then he is liable for such damage."

The other facts are stated in the opinion of the Court.

*C. A. Tuttle,* for Appellant.

*Jo Hamilton,* for Respondent.


By the Court, SPRAGUE, J.:

We discover no error in the instructions of the Court below, as given to the jury, at the request of plaintiff. Those to which exceptions were taken by appellant, and the giving of which are specified as errors on his motion for new trial, very fairly present the law applicable to the facts of the case, as announced by this Court on the former appeal. (34 Cal. 74.)

The refusal of the Court to give the eleventh instruction asked by appellant, which was at the time excepted to by

appellant, is not contained in his specifications of error on motion for new trial; hence the ruling of the Court, in refusing such ·instruction, will not be reviewed on appeal from the order denying a new trial. And were such ruling properly specified as error on motion for new trial, it would be untenable, as the evidence fails to disclose facts to which such an instruction could be applicable.

The ditch from Whisky Diggings Ravine through plaintiff's lands to Coon Creek, seems, by the evidence, to have been claimed, adopted, and controlled by defendant, as a shorter or more direct passage for the natural waters of such ravine, as also for the water discharged into the ravine from his ditch to Coon Creek, and having so adopted this artificial channel or outlet, he is responsible for any damage occasioned to plaintiff's lands by reason of his failure or neglect to keep such artificial channel in such state of preservation and repair as to prevent injury to plaintiff's property while he so used and controlled the same. And if, during heavy rains or freshets, this artificial channel was not of sufficient capacity to contain all the natural water of said ravine, together with such additions thereto as were emptied into the same from defendant's ditch, it was his duty to see that no more water entered the artificial channel than it could safely carry through to Coon Creek, without detriment or injury to plaintiff's adjacent lands; and for any injury to the lands of plaintiff, caused by overflow of the waters entering this ditch, resulting either directly or remotely from the negligence of defendant in keeping the same in good repair, or in the manner of its use, while under his exclusive control, he is responsible in damages.

We are entirely satisfied that the rights of appellant in this case were not prejudiced by the instructions of the Court below, which, taken together, presented the law of the case upon the evidence clearly and quite as favorably as he can justly claim.

Judgment and order affirmed.

SAWYER, C. J., dissenting:

I am of opinion that the judgment should be modified by omitting the injunction. I think it would be difficult to find a precedent for an injunction like the one awarded in this case. It is altogether too loose and indefinite. The defendant is entitled to use his ditch, provided he can do so without injuring the plaintiff. There may be a great difference of opinion as to when ditches "are not properly cleaned out or in good repair, and when their banks and levees are not properly kept up so as to prevent the injury complained of." This should not be left open for the defendant to determine from time to time, at his peril, as occasion requires. The defendant is, also, generally enjoined "from further damaging said premises by means of the diversion of said waters." Injunctions so loosely framed would be impracticable and intolerable. If an injunction is to be granted, the very thing to be done, or not to be done, should be ascertained by the Court and specified in the injunction, and not be left for the party enjoined to ascertain for himself at his peril. For instance, if a dam is to be cut down so as not to flow water upon premises above, the Court should ascertain the exact portion of the dam necessary to be abated in order to effect the desired object, and specify the height to which it should be reduced. I think an injunction against a party who is entitled to maintain and use a dam, requiring him in general terms not to keep his dam so high in times of freshets as to flow water upon premises above, and from damaging said premises by means of said dam, leaving the defendant to adapt his dam to the condition of the water, according to his own judgment, and to determine what does and what does not constitute damage under peril of punishment for contempt in case he misjudged, would be a novelty in equity jurisprudence. Yet such is the character of the injunction in this case. The defendant is enjoined from running water through his ditches "when said ditches are not properly cleaned out or in good repair, and when their

banks and levees are not properly kept up so as to prevent the injury complained of," etc. I think appellant justly complains of this injunction, and that damages for the injury resulting from the former negligence, rather than an injunction against future negligence, is an ample as well as the proper remedy. I concur in the opinion of my associates in other respects.