EMILE HESTRES, ADMINISTRATOR OF THE ESTATE OF E. H. COMSTOCK, DECEASED *v.* THOMAS BRENNAN, CHARLES L. CLEMENTS, ANDREW HARRIS, AND DAVID T. HOPKINS.

CHANGE OF PLAINTIFFS.—The substitution of one person as plaintiff in place of another, in case of a transfer of the cause of action, is a matter which the defendant cannot move. It concerns only the plaintiff or the person to whom the transfer is made. If the defendant desires to take advantage of the transfer for any cause, he must do so by supplemental answer. As against a defendant, a plaintiff has a right to stay in Court till his case has been tried.

EJECTMENT.—In ejectment the plaintiff must show that he was entitled to recover at the time the action was brought.

EVIDENCE OF TITLE IN EJECTMENT.—A patent for land, given to the plaintiff after

he has commenced suit in ejectment, is not admissible in evidence to show his right to recover.

EVIDENCE OF TITLE IN DEFENDANT IN EJECTMENT.—Even if the plaintiff in ejectment shows title derived from the United States, through a patent from the State of California, the Court should not refuse to allow the defendant to prove title in himself, unless derived from the State or the plaintiff, even if the answer contains only a general denial.

APPEAL from the District Court, Fifth Judicial District, San Joaquin County.

This was an action of ejectment to recover possession of the south half of Section Six and the north half of Section Seven in Township Two North, Range Eight East, Mount Diablo Meridian, San Joaquin County. The complaint was filed April 7th, 1862.

The defendants, when the trial commenced, moved the Court, on an affidavit that Larco had become the owner of the property, to substitute Nicholas Larco as a plaintiff in place of Hestres. The Court denied the motion.

The case was called for trial on the 19th day of December, 1867. The plaintiff, after proving that he was administrator, etc., offered in evidence certificates of the State Locating Agent of California, approved by the United States Land Register and Receiver, showing that, November 26th, 1860, he had located the demanded premises as a part of the five hundred thousand acres donated to this State for school purposes, and of the seventy-two sections donated to this State for a seminary of learning, and that said locations had been made for the use of H. N. Pease and Henry S. Sargent. Plaintiff then introduced State certificate of purchase issued to said Pease and Sargent on the 19th day of February, 1861, and conveyances by them to the plaintiff's intestate, dated the 5th and the 29th days of January, 1861. Plaintiff offered in evidence a patent from the State of California to the estate of the plaintiff's intestate, dated the 25th day of May, 1863. The defendants objected to the patent, because issued after the commencement of the suit. The Court overruled the objection.

The plaintiff having rested, Thomas Brennan, one of the defendants, being placed on the stand as a witness, was asked this question by attorney for defendants: "When did you first become acquainted with the lands in controversy?"

Plaintiff's attorney objected to all evidence on the part of the defendants as to title in the defendants or either of them, on the ground that defendants had no right to attack the title of plaintiff, in this suit, or to show any title in themselves, except such title as is derived from plaintiff or the State of California, as the case now stands, as shown by the testimony introduced on the part of plaintiff. The Court sustained the objection of plaintiff, and ruled that all evidence be excluded on the part of defendants tending to show title in defendants, or either of them, to the lands in controversy, other than title derived from the plaintiff or the State of California; plaintiff's attorney stating that he did not propose to show title in defendants derived from plaintiff or from the State of California. The plaintiff had judgment, and the defendants appealed.

The other facts are stated in the opinion of the Court.

*G. W. Tyler,* for Appellants.

The patent, being issued after the commencement of this suit, was clearly not admissible as a basis of recovery in this action. (*Yount* v. *Howell,* 14 Cal. 465; *Stark* v. *Barrett,* 15 Cal. 361; *Moore* v. *Tice,* 22 Cal. 513; *McMinn* v. *O'Connor,* 27 Cal. 240; *Moss* v. *Shear,* 30 Cal. 467.)

The plaintiff can only recover on the basis of rights which existed in him at the commencement of the action, and cannot, therefore, be in any manner aided by this after acquired patent. (*Yount* v. *Howell,* 14 Cal. 465; *Moore* v. *Tice,* 22 Cal. 513; *Stark* v. *Barrett,* 15 Cal. 361; *Owen* v. *Fowler,* 24 Cal. 192.)

The Court erred in holding that defendants were not at liberty to show, in defense of said action, title in themselves, unless that title was derived from the State of California or

from plaintiff. (*Marshall* v. *Shaffer*, 32 Cal. 176; *Bloom* v. *Benedict*, 1 Hill, 130.)

*J. H. Budd*, for Respondent.

The patent from the State of California was admissible in evidence, for the purpose of establishing prior possession of plaintiff's intestate under a school land location, and that his right of possession thereunder had ripened into a perfect title. (*Gallup* v. *Armstrong*, 22 Cal. 480.) It was not offered or received for any other purpose whatever.

But plaintiff proved that the land in contest had been certified over to the State of California, and belonged to said State or its grantees. Such being the case, defendants could not show title except through or from the State of California. And since the defendants had not alleged title from the State of California, they were not authorized to prove title, even from the State, under the pleadings; and such being the case, the only objection that can be urged to the ruling of the Court in that regard is, that it was too favorable for defendants.

By the Court, SANDERSON, J.:

The Court below did not err in denying the defendants' motion to substitute Larco as plaintiff, upon the ground that since the commencement of the action he had succeeded to the plaintiff's title. If so, the substitution was a matter which did not concern the defendants, but the plaintiff and Larco. The sixteenth section of the Practice Act, so far as it relates to the substitution of another in the place of the plaintiff, in case of a transfer of the cause of action, is to be set in motion by the plaintiff or his vendee. As against the defendant, a plaintiff has a right to stay in Court until his case has been tried. If the defendant desires to take advantage of the transfer for any purpose, he must do so by sup-

plemental answer. (*Moss* v. *Shear*, 30 Cal. 467; *Barstow* v. *Newman*, 34 Cal. 90.)

The Court erred, however, in receiving the State patent in evidence on the part of the plaintiff. The issues in an action of ejectment relate to the commencement of the action; and to recover, the plaintiff must show that he was entitled to the possession at that time. (*Yount* v. *Howell*, 14 Cal. 465; *Owen* v. *Fowler*, 24 Cal. 192.) Having been issued long after the commencement of the action, the patent tended in no respect to show that the plaintiff was entitled to the possession at the time the action was brought.

The Court erred, also, in refusing to allow the defendants to prove title unless it was derived from the State of California or the plaintiff's intestate. Conceding that the plaintiff's intestate had acquired a title from the United States through the State location and patent, the defendants may have had an older title from the same source; and if so, they were entitled to prove it under their general denial of the plaintiff's title. (*Megerle* v. *Ashe*, 33 Cal. 74.)

Judgment and order reversed, and a new trial ordered.