WM. C. SHELDON and CATHERINE SHELDON, Appellants, v. B. B. MURRAY, C. KIDDER, W. K. LINDSAY and H. TAYLOR, Respondents.

No. 4191; November 27, 1875.

Ejectment—Right of Plaintiff to Possession.—In ejectment the plaintiff, in order to recover, must show he was entitled to the possession at the time his action was brought.

Executor—Effect of Confirmation or Patent of Land to.—By a confirmation duly had or a patent duly issued to a person as executor or administrator, the legal title vests in him rather than in the equitable owners by reason of inheritance or devise from the decedent.

Armstrong & Hinkson for appellants; McKune & Welty and R. C. Clark for respondents.

By the COURT.—It is well settled that the issues joined in an action of ejectment relate to the commencement of the action, and that unless the plaintiff show that he was entitled to the possession at the time the action was brought, he cannot recover: Yount v. Howell, 14 Cal. 465; Owen v. Fowler, 24 Cal. 192; Hestres v. Brennan, 37 Cal. 385.

It is equally well settled that a confirmation had and patent issued (pursuant to the provisions of the act of Congress of March 3, 1851, to settle private land claims in the state of California) to a person as executor of another, or as administrator of his estate, vests the legal title in the confirmee and patentee, and not in other persons, even though such other persons be equitable owners of the premises described in the confirmation and patent, as being devisees, heirs, or the like: Hartley v. Brown, 46 Cal. 202, and cases there cited.

These actions were respectively commenced in January, 1872. At that time Catherine F. Sheldon and Gabriel W. Gunn held the legal title to the premises in controversy. It had vested in them on the first day of July, 1870—the day of which the patent bears date. It was not until February, 1872, that a decree was entered in the action brought by William C. Sheldon and Catherine Sheldon against the patentees directing the latter to convey to the plaintiffs the legal title, nor was the deed pursuant to that decree delivered until December, 1872.

It results that judgment in each of these cases was correctly rendered below for the defendants, and must be affirmed here.

So ordered.