[Civil No. 156. Filed January 10, 1887.]

[S. C. 12 Pac. 607.]

C. H. GRAY, Plaintiff and Respondent, v. THE SALT RIVER VALLEY CANAL COMPANY, Defendant and Appellant.

1. IRRIGATION—FAILURE OF CANAL COMPANY TO DELIVER WATER—CONTRACT LIMITING LIABILITY—NOT BINDING UPON WATER USERS UNLESS ACCEPTED—WHERE MONEY IS ACCEPTED FOR WATER WITHOUT CONTRACT EVEN THOUGH WATER USER HAVE KNOWLEDGE OF ITS TERMS HE IS NOT BOUND THEREBY.—Where plaintiff sues an irrigating company for damages for failure to deliver water, the fact that the irrigating company required applicants for water to sign a certain form of contract, limiting its liability in certain cases, and providing for a pro rata distribution of water in times of scarcity, is no defense. Such contract is not binding upon plaintiff where it appears that the company received his money without its execution, even though the plaintiff had knowledge as a former director of the company of its terms.

2. IRRIGATION—MEASURE OF DAMAGES FOR FAILURE TO DELIVER WATER.—Considering the loss of the rent of land from the tenants, and what was a fair rental value of the land upon which a crop was prevented by reason of there being no water, the amount of the verdict held not excessive.

3. APPEAL AND ERROR—REFUSAL OF INSTRUCTIONS TO JURY—IN ABSENCE OF ASSIGNMENT OF ERROR THEREFOR THIS COURT WILL NOT REVIEW ANY ERROR THEREIN.—Where there is no assignment of errors in the refusal of instructions asked for by defendant this court will not review any error therein.

APPEAL from a judgment of the District Court of the Second Judicial District in and for the County of Maricopa. Affirmed.

The facts are stated in the opinion.

Tweed & Hancock, for Appellant.

Defendant is not responsible for damages sustained by tenants of Gray. "The damages which a party can recover on breach of a contract are those which are incidental and caused by the breach, and may reasonably be supposed to have entered into the contemplation of the parties at the time of the contract." Sedgwick on Measure of Damages, p. 67; Sutherland on Damages, p. 77; Powell on Ev., Chap. 2154, p. 216; *Hadley* v. *Baxendale,* 9 Wels. H. & G. 341; *Griffin* v. *Colver,* 16 N. Y. 494, 69 Am. Dec. 718; Mayne on Damages, 15; *Snell* v. *Callingham,* 72 Ill. 161; *Rockford* v. *Beckermeier,* 72 Ill. 267; *Richardson* v. *Northup,* 66 Barb. 85; *Dyer* v. *Haley,* 29 Maine, 277; *Woodruff* v. *Adams,* 5 Blackf. 317, 35 Am. Dec. 122; *Wiuve* v. *Kelley,* 34 Iowa, 340; *Ferrea* v. *Chabot,* 63 Cal. 564. "The *onus* is upon the plaintiff to prove the breach of any agreement and the amount of damages sustained by reason thereof, and only the damages thus proved are recoverable." *Quinn* v. *Van Pelt,* 56 N. Y. 419.

The breaking of the ditch, on account of the rain, the lowness of the river, etc., excused the defendant's performance and was a complete defense, because an Act of God. Broom's Legal Maxims, p. 393.

No officer had any authority to enter into any such contract as contended for in this case.

Cox & Campbell, for Respondent.

When the defendant received and accepted plaintiff's money for the amount of water applied for there then existed an implied contract upon its part to deliver to plaintiff the amount of water purchased.

The defendant corporation having received the benefits of this contract is estopped from denying its validity. Sedgwick on Statutory and Constitutional Law, p. 73; *Pixley* v. *W. P. R. R. Co.*, 33 Cal. 198, 91 Am. Dec. 623; *Foulke* v. *San Diego etc. R. R. Co.*, 51 Cal. 365; *Main* v. *Casserly et al.*, 67 Cal. 127, 7 Pac. 426.

The purchase price was paid to the proper officer and was endorsed upon the books of the company. The knowledge of the servant is the knowledge of the corporation. *Denver etc. R. R. Co.* v. *Conway*, 8 Colo. 1, 54 Am. Rep. 527, 5 Pac. 142.

The evidence as to the delivery of water is conflicting and this court will not review it. *Ehrlich* v. *Ewald*, 51 Cal. 172; *Thompson* v. *Thornton*, 47 Cal. 76; *Welkins* v. *McCue*, 46 Cal. 656.

Damages for loss of land and for loss of rent thereof, are allowable. *McKeon* v. *See*, 4 Rob. (N. Y.) 149; *Francis* v. *Schoellpopf*, 53 N. Y. 152; *Jutte* v. *Hughes*, 67 N. Y. 268; *Grand Rapids Booming Co.* v. *Jarvis*, 30 Mich. 308.

This court will not review the action of the court below in refusing instructions asked by appellant below, because said refusal is not specified as error in appellant's assignment of errors in its motion for a new trial. *Richardson* v. *Kier*, 37 Cal. 263.

PORTER, J. The plaintiff brings his action for damages for failure to deliver 100 inches of water purchased by him. Gray was a stockholder in the defendant company, and, under its rules, an application for water during the "water year" was required. He did so apply for 100 inches of water, and paid part of the purchase money, the treasurer telling him

it was not sufficient, and would not enter such payment on the books. Subsequently, on receiving the required sum, viz., $125, he did enter such payment on the books of the company. When the payment was made, Gray did not sign a note for the balance, which was one of the rules of the company, and on the fifth day of July, 1884, he paid all that was due, making the full sum of $250. There was a certain form of contract to be signed, restricting the liability of the company in many particulars, and in this, that there should be a *pro rata* division in case of insufficiency of water to supply all the customers where such insufficiency occurred by reason of such a rise in the river as would break the dam or ditch, or by some unavoidable accident, and fixing the damages of non-delivery of water at a fixed sum. These contracts were to be executed, by the president of the company, and delivered to purchasers of water. No such contract was delivered to plaintiff. He paid the full amount due for the water on the fifth of July, 1884, to the treasurer, and it was entered upon the books of the company; and at such payment plaintiff refused to receive the usual contract.

It is contended that Gray, having been a director of the company, knew of the provisions of these contracts, and should be bound by them. We can see no good reason why he should be, when thec ompany received his money without the *onus* of such a contract. The company ignored its own by-laws, and, having received the money, cannot now go behind its action. The case of *Pixley* v. *Western P. R. Co.*, 33 Cal. 183, 91 Am. Dec. 623, cited by respondents, well applies to this case. There the company had a certain by-law, by which no contract was to be binding on them unless made in writing. Pixley was attorney for the company, and performed his duties with knowledge of the company, and without such written contract. The court say: "It may be that, while such contract remains executory on both sides, an action could not be maintained by either party to enforce it; but, where one of the contracting parties has completely performed it on his part, and thereby rendered to the other the consideration stipulated, the party having received the consideration promised cannot be permitted to escape liability on the naked

letter of the statute, because the motive of the law is not such as to afford immunity from liability in such a case.''

So, in this case, the company received the money for the water through its proper officer. The knowledge of the servant is the knowledge of the company. *Denver, etc. R. Co.* v. *Conway,* 8 Colo. 1, 54 Am. Rep. 537, 5 Pac. 142.

As to the sufficiency of water furnished, there was such a conflict of evidence, that this court will not review it. *Ehrlich* v. *Ewald,* 51 Cal. 172 *et seq.*

It is somewhat difficult to arrive at the damages; but when we consider the loss of the rent of land from the tenants, and what was a fair rental value of the land upon which a crop was prevented by reason of there being no water, we do not deem the amount of the verdict excessive.

There was no assignment of errors in the refusal of instructions asked for by defendant, hence this court will not review any error therein. *Richardson* v. *Kier,* 37 Cal. 263.

Judgment affirmed.