76  251
89  315

[No. 11208.  Department One.— May 23, 1888.]

## ELLEN A. DODGE, EXECUTRIX ETC. OF J. W. DODGE, DECEASED, RESPONDENT, v. ABRAM YATES, APPELLANT.

PUBLIC LANDS — PRIOR POSSESSION — RIGHT OF POSSESSION — INCLOSURE — INDICIA OF OWNERSHIP. — In an action of ejectment for public lands, in which the plaintiff bases his right of recovery upon prior possession, the question is for the jury to determine whether or not the artificial barriers erected by the plaintiff, and his acts of dominion, were sufficient to notify the public that the land was appropriated, and to impart to the claim of appropriation the characteristic notoriety and *indicia* of ownership.

ID. — GRANTEE OF PRIOR POSSESSOR — CONSTRUCTIVE POSSESSION. — SUBSEQUENT INTRUDER INTO POSSESSION. — The grantee from an actual prior possessor of a tract of public land, the whole of which has been inclosed with a substantial fence, and on which valuable improvements have been erected, by entering into the actual possession of a portion of the tract, acquires a constructive possession of the whole as against a subsequent intruder.

Id. — Possession by Agent or Tenant. — In order that the grantee may succeed to the right of possession of his grantor, it is not necessary that he should have a personal residence on the land, or should personally cultivate it. It is sufficient if he enter into the possession through an agent or tenant.

Appeal from a judgment of the Superior Court of Monterey County, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*Geil & Morehouse,* for Appellant.

*Walter & William M. Van Dyke,* for Respondent.

Paterson, J.—Ejectment. The plaintiff bases his right of recovery upon the ground of prior possession. It was admitted that the land in controversy was public land, within the limits of the grant to the Atlantic and Pacific Railroad Company, and had been withdrawn from sale, pre-emption, or homestead entry.

The evidence introduced by plaintiff tended to show that H. C. Dodge and George Dutton took possession of the land and other lands adjoining, and inclosed the the same in 1872–73 with a fence, the fence being made of a ditch and oak pickets set in the ground, fastened together at the top by nailing a pine strip or board thereon; that the fence inclosed the northeast quarter, the north half of the southwest quarter of section 5, and the southeast quarter of the northeast quarter, and the northeast quarter of the southeast quarter of section 6, township 23 south, range 8 east; that the fence when built was substantial and sufficient to turn stock, and cost about fifteen hundred dollars; that a house was built and a well was dug on the forty acres in section 6, within the common inclosure; that the barn was built upon the land in dispute, but a year later was removed to section 6 (no part of which is in controversy); that the claimants lived upon the land for nearly two years, and

plowed and cultivated a portion thereof; that in 1881 the land was leased to one Gillet for the term of one year; that after the making of the lease to Gillet, Dutton sold and conveyed the land to J. W. Dodge; and thereafter took charge of the place for Dodge, and employed one Nance, who plowed and sowed a portion of the land in dispute in the fall of 1882; that a portion of the land thus plowed was put in grain, and the balance of it reserved as summer-fallow; that in 1883 Nance was again engaged to plow and sow the land, and was about to go to work when he was forbidden to do so by the defendant, Yates, who had entered upon the land in August, 1883, put up a house, and dug a well thereon, these improvements being made upon the land, which had been summer-fallowed by the agent of the plaintiff; that the place was leased by plaintiff to one Pigott in 1883, who had cut the crop grown on the land for hay, and had his hogs feeding on the volunteer when the defendant, Yates, went into possession.

Neither the plaintiff nor any one in his employ has ever actually resided on the land. There is no question, however, that the land was originally inclosed with a substantial fence. This fence has since been considerably broken down, and parts of it removed.

Upon all the evidence in the case it was for the jury to determine whether or not the artificial barriers and the acts of dominion were sufficient to notify the public that the land was appropriated, and to impart to the claim of appropriation the characteristic notoriety and *indicia* of ownership. (*Brumagim* v. *Bradshaw*, 39 Cal. 25.)

It was not error under the evidence in the case to instruct the jury that "a party may be in possession of land without a personal residence thereon, or without having personally cultivated it." This instruction does not assume, as we read it, that "if the plaintiff had no agent or employee in possession of the land, and was not

living on it himself, and did not cultivate it, he might still recover in this case on the bare fact that the land was once inclosed and claimed by plaintiff," as claimed by appellant. Personal residence on the land was not essential. (*Barstow* v. *Newman*, 34 Cal. 90.)

The plaintiff's grantors had actual possession of the land, and inclosed the same with a substantial fence, and erected valuable improvements within the inclosure, and while claiming and using the land as their own, they conveyed the same to plaintiff by a good and sufficient deed. The good faith of the plaintiff in taking possession under said deed, through his employees and tenant, does not seem to be questioned; but it is claimed that inasmuch as the plaintiff himself never took actual possession of the lands, the deed did not give him constructive possession of all the land named therein, and that, at most, the plaintiff can claim only about ten acres, the portion which was actually cultivated; but the land was inclosed when plaintiff purchased and by his agents took possession, and it has been held here that "a party who enters into actual possession of a portion of a tract of land, claiming the whole under a deed in which the entire tract is described by metes and bounds, is not limited in his possession to his actual inclosure or possession, but acquires constructive possession of the entire tract, if it is not in the adverse possession of any other person at the time of his entry, and that such person in an action to recover possession of the land will prevail against one who enters subsequently upon the uninclosed part as a mere intruder, or showing color of title only. . . . . The fact that Crowell had neither title nor actual possession, puts the case within instead of without the rule. It is the want of title and actual possession in the grantor that renders the rule necessary to the grantee. If the grantor has title, there can be no question between his grantee and a subsequent intruder, either as to actual or constructive possession.

*And so, if he has actual possession, and his grantee succeeds to it, there can be no question between the latter and an intruder as to constructive possession."* (*Walsh* v. *Hill*, 38 Cal. 482.)

While the preponderance of evidence appears from the record to be on the side of the defendant, there is a substantial conflict therein as to the material issues. Therefore, the verdict of the jury cannot be disturbed.

Judgment and order affirmed.

McKinstry, J., and Temple, J., concurred.