[No. 13866.    In Bank. — May 28, 1891.]

TERESA NEUEBAUMER, ADMINISTRATRIX, ETC., ET AL., RESPONDENTS, *v.* S. P. WOODMAN, APPELLANT.

MINING CLAIM — FAILURE TO MARK BOUNDARIES — CONSTRUCTIVE POSSESSION — EJECTMENT AGAINST INTRUDER. — Although the locator of a mining claim failed to mark the location upon the ground so that its boundaries could be readily traced, yet if his successor in interest enter into possession of part of the claim under a deed conveying the whole property by metes and bounds, such successor has constructive possession of the whole claim as described in the deed, and subsequent grantees succeeding to such possession may maintain ejectment for the whole claim against an intruder who makes another attempted location, but also fails to mark the boundaries of his location upon the ground.

Appeal from a judgment of the Superior Court of Tuolumne County, and from an order denying a new trial.

The facts are stated in the opinion.

*E. A. Rodgers*, and *F. D. & G. W. Nicol*, for Appellant.

Plaintiffs' grantors having failed to make any valid location, they had no legal right of possession as against the defendant, who complied with the requirements of Congress and local rules and regulations in making the location. (*Garthe* v. *Hart*, 73 Cal. 453; 2 Am. St. Rep. 823, and cases cited; *Garfield M. & M. Co.* v. *Hammer*, 8 West Coast Rep. 2; 130 U. S. 299.) The plaintiffs' deeds from those who had made the attempted location would not extend their right of possession by construction to any portion of the claim never actually occupied by them. (*Hughes* v. *Hazard*, 42 Cal. 150; *Polack* v. *Mc-Grath*, 32 Cal. 16; *Lawrence* v. *Fulton*, 19 Cal. 690; *English* v. *Johnson*, 17 Cal. 115; 76 Am. Dec. 574; *Garner* v. *Wright*, 77 Cal. 85.) Plaintiffs could not recover without showing an actual possession of some definite portion of the mine at the time of the defendant's entry. (*Russell* v. *Brosseau*, 65 Cal. 605; *Funk* v. *Sterrett*, 59 Cal. 614.)

*F. W. Street*, for Respondents.

If one who is in the actual possession of a portion of a tract of land, claiming the whole, makes a conveyance of the whole, and the grantee enters into the actual possession of such part, claiming the whole, such entry under the deed gives the grantee constructive possession of the whole tract, as against a mere intruder. (*Dodge* v. *Yates*, 76 Cal. 251; *Donahue* v. *Gallavan*, 43 Cal. 573; *Hicks* v. *Coleman*, 25 Cal. 122; 85 Am. Dec. 103; *Ayres* v. *Bensley*, 32 Cal. 620; *Walsh* v. *Hill*, 38 Cal. 482.)

Foote, C. — Henry Neuebaumer and F. W. Street sued in ejectment for a certain piece of mining ground.

The defendant denied the ownership and right of possession of plaintiffs, and set up the claim that the ground was subject to location, under the laws of the United States, by any citizen thereof, as vacant and unoccupied, and that in pursuance of such laws, and the local rules and regulations of the mining district in which the mineral land described in the complaint was situated, he had located the same, and that he is in possession thereof and working it. He further denies that the plaintiffs ever had possession of the property in dispute, or that he ever ousted them therefrom, or wrongfully withholds the same, or that they have suffered any damage.

The court below rendered judgment in favor of the plaintiffs, from which, and an order denying a new trial, the defendant appeals.

From the facts found it appears that the mining claim was attempted to be located on the 24th of October, 1873, by one William Jones, by posting certain notices on it, but that in making this attempt he did not mark the location of the claim so that the boundaries could be readily traced.

On the 2d of July, 1877, Jones being indebted to one F. L. Tucker, he and the defendant here, S. P. Woodman, made a grant, bargain, and sale deed of this claim, called the Tiger Mine, to Tucker, describing it. Thereafter Jones and others, for Tucker, performed labor on the mine, running tunnels into it, and crushing the quartz rock taken from it in a mill situate near by, known as the Tiger Mill. Afterwards, on the 13th of February, 1880, Tucker deeded the property to one William T. Jones. The latter entered into possession of the claim under that deed, and during the years from 1880 to 1886 ran four tunnels in and upon the quartz vein in the claim, and expended several thousand dollars in labor and improvements upon it.

As part of the purchase price, this William T. Jones

executed and delivered to Tucker, on the 25th of December, 1880, a promissory note for fourteen hundred dollars, with interest, which instrument was signed by him and William Jones and S. P. Woodman, the defendant. On the 23d of January, 1885, Tucker commenced an action against the three parties last mentioned to recover the amount due on that note, but he died shortly afterwards, and Henry Neuebaumer, one of the plaintiffs here, became the executor of his last will and testament, and prosecuting the action, obtained judgment therein against the defendants therein on the 9th of July, 1885, for $1,529.22 and costs.

The mining claim here involved was sold on execution issued on that judgment, and no redemption having been had, it was deeded by the sheriff who made the sale to the purchasers at the sale, the original plaintiffs here, Henry Neuebaumer and F. W. Street.

On the day after Tucker commenced that action, William T. Jones made a conveyance of the property in dispute to his mother, E. A. Jones. This conveyance was afterwards, at the suit of the plaintiffs here, declared fraudulent and void, canceled and annulled.

Henry Neuebaumer died after this action was commenced, and prior to the trial, Teresa Neuebaumer, his administratrix, was substituted.

In addition to these facts, it was further found, in the eighth finding of fact, "that the mining claim in the complaint described was never abandoned by the plaintiffs herein, or by their grantors, and that plaintiffs and their grantors were in continuous actual possession of the same until the third day of December, 1888, at which time the defendant herein, said S. P. Woodman, entered in and upon said mining claim and ejected the plaintiffs therefrom; that upon the said third day of December, 1888, said defendant, S. P. Woodman, made an attempted location of the mining claim in the complaint described, by posting a notice of location on the vein, at each end

of the claim, and by causing a copy of said notice of location to be recorded in the office of the recorder of Tuolumne mining district, in the said county of Tuolumne, on the tenth day of December, 1888, and said S. P. Woodman, the defendant herein, did no other acts in reference to the location than the posting of a notice at each end thereof; that said defendant, S. P. Woodman, did not mark the location of said claim on the ground so that its boundaries could in any manner be traced."

The only ground of error relied on for the reversal of the judgment and order is, that this finding is not supported by the evidence.

The evidence shows that the defendant did not take the necessary steps to locate the mine, nor did the plaintiffs or their grantors, under section 2324 of the Revised Statutes of the United States.

The point to be considered, then, is, whether the plaintiffs or their grantors were in the actual possession of the claim, and had not abandoned it at the time of the ouster.

By the undisputed finding it appears that William Jones, who made the attempted location, conveyed the whole of this claim to Tucker on the 2d of July, 1877. Thereafter this Jones worked the mine for Tucker, and his possession was that of Tucker. Then it appears that on the 13th of February, 1880, Tucker conveyed the property to William T. Jones, who was the son of William Jones. William T. Jones entered into possession at once under this deed, and during the years from 1880 to 1886 remained in possession and did work on the mine, even after the action was commenced by Tucker against him, in 1885. It also appears in evidence that Mrs. E. A. Jones, at the time she claimed it under her fraudulent deed from her son, William T. Jones, stated that the claim was being kept up; this continued the possession of those interested against the claim of the defendant.

The plaintiffs, or those in their interest, worked on the claim in 1888, after the deed to them was made, and after the attempted location by the defendant.

William T. Jones, whose interest was sold and conveyed by the sheriff, under a conveyance from whom respondents claim, had been for years in possession of a large part of the claim, having entered under the deed of Tucker, who claimed the whole mine, and for whom William Jones had possession of a part thereof up to the time when the deed was made by Tucker to William T. Jones.

Tucker certainly had possession, after his purchase through William Jones, of a part of the claim, and made a deed of the whole of it to William T. Jones, through whom the plaintiffs claim as their immediate grantor. Tucker had possession of a part, claiming the whole described by metes and bounds, through his deed from William Jones. Thus claiming the whole, he made a conveyance of it by metes and bounds to William T. Jones, and the last immediately entered into possession, claiming the whole. This possession was continued in the respondents. This would give them the constructive possession of the whole tract, as against a mere intruder, as the court finds the defendant to be. (*Dodge* v. *Yates*, 76 Cal. 254; *Attwood* v. *Fricot*, 17 Cal. 37; *English* v. *Johnson*, 17 Cal. 107; 76 Am. Dec. 574.)

We think the evidence on the part of the plaintiffs tends to show that the defendant, Woodman, did not, in his attempted location, mark the same on the ground so that its boundaries could in any manner be traced.

The finding assailed is supported by sufficient evidence, and we advise that the judgment and order be affirmed.

VANCLIEF, C., and FITZGERALD, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment and order are affirmed.