J. D. GILL, RESPONDENT, *v.* CHARLES HECHT, APPELLANT.

### NEW TRIAL—ASSIGNMENTS OF ERROR—AMENDMENT.

1. Assignments and specifications of error are an essential part of the statement on motion for a new trial, and if omitted, the court may disregard the statement on the hearing of the motion, under Comp. Laws 1888, § 3402, subd. 3.

2.. The trial court has a discretion to allow amendments, by adding assignments and specifications of error to the statement; and the refusal to allow such amendment is not an abuse of such discretion, in a case such as is presented by this record.'

(No. 609.   Decided Feb. 3, 1896.   43 P. R. 626.)

Appeal from the district court of the Fourth judicial district, Territory of Utah. Hon. H. W. Smith, *Judge.*

Action by J. D. Gill against Charles Hecht on a contract for the exchange of realty. On motion for new trial the failure of the defendant to make formally any assignment or specification of error was called, upon the argument, to the attention of the court, who thereupon disregarded the statement, denied the defendant the privilege of amendment, and overruled the motion for a new trial. Defendant appeals. *Dismissed.*

*Maginnis & Weber*, for appellant.

In *Loucks* v. *Edmonson*, 18 Cal. 204, the decision in *Valentine* v. *Stewart* was affirmed and indorsed, the court saying:

"The amendment to the statement by the addition of the grounds upon which a new trial would be moved was properly allowed."

In *Flynn* v. *Coute*, 47 Cal. 527, the district court canceled its certificate to the statement after the appeal to the supreme court had been perfected.

Other cases that throw light upon the question at issue are the following:

*Low* v. *McCallan*, 64 Cal. 2; *Smith* v. *City of Stockton*, 73 Cal. 204; *Lucas* v. *City of Marysville*, 44 Cal. 210; *Warner* v. *F. Thomas Works*, 38 Pac. 960.

There are numerous decisions to the effect that a statement must be disregarded in the absence of specifications

of error, but we have been unable to find a single instance in which the courts have refused to permit an amendment to the statement by adding specifications of error.

*Evans & Rogers, E. M. Allison, Jr.,* and *A. G. Horn,* for respondent.

MINER, J.:

This action was brought by the respondent to recover from the appellant a commission upon an alleged contract between the parties, wherein it is alleged that appellant agreed to pay respondent $1,000 in the event that respondent could effect a certain trade and exchange of real estate belonging to the appellant in Colorado, for certain lands in the city of Ogden, Utah. The exchange was perfected, and upon refusal of appellant to pay the commission, this action was brought. The case was tried before a jury, and recovery had for the contract price and interest.

Upon the argument of the motion for a new trial, respondent's counsel objected to the hearing of said motion on the ground that no assignments or specifications of error in law occurring at the trial, and excepted to by the appellant, were designated or pointed out in the statement. Thereupon defendant's counsel orally moved the court to permit an amendment to the statement by incorporating therein his specification of errors, which he claimed were inadvertently omitted. The court denied the motion, disregarded the statement, and overruled the motion for a new trial. The notice of intention to move for a new trial embraced only the general grounds: First, insufficiency of the evidence to justify the verdict; second, errors at law occurring at the trial, and excepted to by defendant. Subdivision 3, § 3402, Comp. Laws 1888, provides that: "When the notice of

motion designates as the ground of the motion, the insufficiency of the evidence to justify the verdict, or other decision, the statement shall specify the particular in which such evidence is alleged to be insufficient." "When the notice designates as the grounds of the motion, errors in law occurring at the trial, and excepted to by the moving party, the statement shall specify the particular errors upon which the party will rely." "If no such specification be made, the statement shall be disregarded on the hearing of the motion." Specifications of errors are essential part of the statement on motion for a new trial, in all cases where the notice designates the grounds of the motion, under the statute above quoted; and courts have uniformly held that a statement in which the assignment or specification of errors is omitted should be disregarded upon the hearing of the motion for a new trial. *Barstow* v. *Newman*, 34 Cal. 90; *Patridge* v. *City of San Francisco*, 27 Cal. 416; *Richardson* v. *Kier*, 37 Cal. 263; Haynes, New Trials & App. 417-422; *Green* v. *Killey*, 38 Cal. 201. We are of the opinion that the trial court, upon a proper showing, had the discretionary power to allow the amendment proposed, under section 3256, Comp. Laws 1888; but we do not hold that the failure of the trial court to exercise such discretion and grant the motion to amend was such a gross abuse of discretion as to warrant the interference of this court in such a case as is presented by the record. The record presents no case for us to review. The appeal in this case is dismissed.

ZANE, C. J., and BARTCH, J., concur.